**SIGNED this 19 day of September, 2008.**

```
                                              _____
                                                  Marcia Phillips Parsons
                                              UNITED STATES BANKRUPTCY JUDGE
```
_____

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br>    BRENDA MARIE WOOD<br><br>                     Debtor. | No. 07-50913<br>Chapter 7 |
| MARGARET FUGATE, Trustee,<br>NEW PEOPLES BANK, INC.,<br>KENT TIGNOR and<br>BEVERLY TIGNOR<br><br>    Plaintiffs,<br><br>vs.<br><br>BRENDA MARIE WOOD<br><br>    Defendant. | Adv. Pro. No. 07-5096 |

### M E M O R A N D U M

APPEARANCES:

| | | |
|---|---|---|
| Margaret B. Fugate, Esq.<br>Anderson, Fugate & Givens<br>114 E. Market Street<br>Johnson City, Tennessee 37604<br>*Attorney for Trustee* | Joseph B. Lyle, Esq.<br>Hale, Lyle & Russell<br>Post Office Box 274<br>Bristol, TN 37621-0274<br>*Attorney for New Peoples Bank* | Daniel R. Bieger, Esq.<br>Copeland & Bieger, P.C.<br>Post Office Box 1296<br>Abingdon, Virginia 24210<br>*Attorney for Kent and*<br>*Beverly Tignor* |

**Marcia Phillips Parsons, United States Bankruptcy Judge**. In this adversary proceeding, the plaintiffs New Peoples Bank, Kent and Beverly Tignor, and Margaret Fugate, chapter 7 trustee ("Trustee"), seek a denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), (a)(4)(D), (a)(5), and (a)(6)(A) and (C). Presently before the court is the plaintiffs' motion for summary judgment in which they assert that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. The pro se Debtor, Brenda Marie Wood, has not responded. Upon a review of the record presented in support of the motion, the court agrees that summary judgment is appropriate and that the Debtor's discharge will be denied under § 727(a)(3). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (J).

I.

On July 3, 2007, the Debtor filed for bankruptcy relief under chapter 7. The present adversary proceeding was commenced on December 18, 2007. The Debtor, representing herself, filed on January 22, 2008, an answer to the complaint in which she admitted certain of the allegations set forth in the complaint as discussed below. The Debtor, however, asked the court to take into consideration that she is without counsel and has no assets with which to retain counsel. The Debtor also advised that she is now living in west Tennessee and requested the court to take into account the hardship of traveling from there to attend meetings and court dates.

Currently before the court is the motion for summary judgment filed August 8, 2008,[*] along with a brief in support of the motion and a Statement of Undisputed Material Facts. The evidentiary support for the motion is an affidavit of the Trustee along with a subpoena for the Debtor to appear at a Rule 2004 examination on August 13, 2007, and produce certain specified documents.

---

[*] The August 8, 2008 summary judgment motion was filed by the Trustee and New Peoples Bank. Plaintiffs Kent and Beverly Tignor filed a separate motion for summary judgment on July 14, 2008, to which the Debtor has not responded. Subsequently, on August 28, 2008, the Tignors filed a motion to amend their summary judgment motion to adopt the arguments made by the Trustee and New Peoples Bank in their summary judgment motion. The motion to amend was granted without opposition by order entered September 18, 2008. Separate consideration of the July 14, 2008 motion for summary judgment is mooted by the denial of the discharge rendered in this opinion and contemporaneous order.

As previously noted, the Debtor has not filed a response to the motion for summary judgment. Local Bankruptcy Rule 7007-1 provides that "[t]he opposing party must file a response within 20 days after the date of filing of the motion. . . .  A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1.  More than 20 days has passed since the summary judgment motion was filed. Accordingly, the court construes the Debtor's failure to file a response to mean that she does not oppose summary judgment in favor of the plaintiffs.  Nonetheless, it is necessary to examine the evidence presented in support of the motion and determine whether the plaintiffs are entitled to judgment as a matter of law.

According to the plaintiffs, the following facts are undisputed:

Prior to filing of her Chapter 7 Bankruptcy Case, the debtor, Brenda Marie Wood (the "Debtor"), did business as Hope Communications Contracting, LLC (the "Business").

On August 13, 2007, a 2004 examination was held for which the Debtor had been served with a subpoena duces tecum.

In response to that subpoena the Debtor produced a ledger book and very little else.

At the 2004 exam, the Trustee again asked the Debtor to produce her banking records and tax returns and to amend her bankruptcy schedules to accurately reflect her financial condition as her testimony made it clear that there were many inaccuracies on the schedules.

After she was to provide this information and amend the schedules she was to attend another § 341 meeting so that the Trustee could continue to question her.

The debtor took no action with or for the Trustee [sic] to comply with any of these requests.

Although the Trustee made repeated requests of the Debtor, the Debtor has withheld from the Trustee federal income tax returns and other recorded information, including books, documents, records and papers, from which the Trustee might ascertain the Debtor's financial condition or business transactions.

The Debtor has either concealed from [the Trustee] or has destroyed or failed to keep or preserve such records.

The Debtor has failed to satisfactorily explain to the Trustee any loss of assets or deficiency of assets to meet her liabilities.

The Debtor has refused to obey lawful orders of the Court to cooperate with

3

the Trustee.

Plaintiffs' Statement of Undisputed Material Facts (internally numbering and citations omitted).

## II.

Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, mandates the entry of summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986)). "A genuine issue for trial exists only when there is sufficient 'evidence on which the [court] could reasonably find for the plaintiff.'" *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252).

The moving party bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to produce evidence that would support a finding in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250-52. In considering the motion, the court must construe all reasonable inferences in favor of the nonmoving party. *Spradlin v. Jarvis (In re Tri-City Turf Club, Inc.)*, 323 F.3d 439, 442 (6th Cir. 2003). The party opposing a motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. The party opposing the motion must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id*. at 442-43 (quoting *Braithwaite v. Timken Co.* 258 F.3d 488, 492-93 (6th Cir. 2001); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986)). "If after reviewing the record as a whole a rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Braithwaite v. Timken Co.*, 258 F.3d at 493 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998)).

## III.

4

Section § 727(a) states in relevant part:

The court shall grant the debtor a discharge, unless–

. . . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case–

. . . .

>(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

(6) the debtor has refused in this case–

>(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

>. . . .

>(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify . . . .

11 U.S.C. § 727(a). The plaintiffs have the burden of proving by a preponderance of the evidence that the Debtor should be denied a discharge. Fed. R. Bankr. P. 4005; *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000). Each of the bases for denial of discharge will be addressed in turn.

> A. *Section 727(a)(3) - Failure to keep records of financial condition*

Section 727(a)(3) requires the debtor to provide creditors "with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Turoczy Bonding Co. v. Strbac (In re Strbac),* 235 B.R. 880, 882 (B.A.P. 6th Cir.1999) (quoting *Bay State Milling Co. v. Martin (In re Martin)*, 141 B.R. 986, 995 (Bankr. N.D. Ill. 1992)). To prevail, the creditor need not show intent

5

to defraud, *see, e.g., Peterson v. Scott (In re Scott)*, 172 F.3d 959, 969 (7th Cir. 1999), or even intent by the debtor to conceal his or her financial condition. *See e.g., Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1297 (9th Cir. 1994). While the burden of persuasion remains on the plaintiff, *see* Fed. R. Bankr. P. 4005, once the plaintiff has established a prima facie case, the burden of going forward with the evidence shifts to the debtor, requiring proof that the failure to maintain and preserve adequate records is justified under the circumstances of the case. *In re Strbac*, 235 B.R. at 883.

The Statement of Undisputed Material Facts establishes that the Debtor was served with a subpoena to appear at a Federal Rule of Bankruptcy Procedure 2004 examination on August 13, 2007, and to produce certain specified documents. Attached to the subpoena dated August 2, 2007, was a list of the documents the Debtor was to produce at the examination and included the following: all financial and operational data of the Debtor and the Business from January 1, 2006, to the present, including equipment lists and financial statements; the assets, liabilities, and operating performance projections for the Business; the Business' contracts; and 2005 and 2006 income tax returns. As set forth in the Statement, the Debtor produced in response to the subpoena, "a ledger book and very little else." And, although the Trustee again asked the Debtor at the Rule 2004 examination to produce her banking records and tax returns, the Debtor took no action to comply.

This adversary proceeding was commenced more than four months after the Debtor's Rule 2004 examination. In the complaint initiating this proceeding, the following allegation is made in paragraph 19: "The [Debtor] has failed to keep or preserve books and records from which the [Debtor's] financial condition or business transactions might be ascertained . . . ." In response to this specific allegation in her answer, the Debtor states that she "admits to the allegations of paragraph 19 because she relied on other people to store documents and keep records of business transactions, so for that [the Debtor] agrees she is responsible for not maintaining organized files."

From the record before the court, it is undisputed that the Debtor failed to provide the Trustee with sufficient information to fully and accurately ascertain the Debtor's financial condition and track her financial dealings. While the Debtor's answer suggests that her failure was the fault of others upon whom she relied, her conclusory statement in this regard is insufficient to create a

genuine issue of material fact as to whether her failure to maintain and preserve adequate records was justified under the circumstances of the case. Accordingly, the court concludes that the plaintiffs are entitled to summary judgment as a matter of law on the issue and the Debtor's discharge will be denied pursuant to § 727(a)(3) of the Bankruptcy Code.

> B. *Section 727(a)(4)(D) - Withholding documents and records from estate officer*

Section 727(a)(4)(D) provides that a discharge will be denied if "the debtor knowingly and fraudulently, in or in connection with the case . . . withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(4)(D). "Section 727(a)(4)(D) enforces a debtor's affirmative duties to surrender all property and documents associated therewith to the Chapter 7 trustee 'by denying discharge to debtors who intentionally withhold records, books, documents, or other papers relating to their property of financial affairs.'" *Williams v. Courtney (In re Courtney)*, 351 B.R. 491, 508 (Bankr. E.D. Tenn. 2006) (quoting *Pereira v. Young (In re Young)*, 346 B.R. 597, 615 (Bankr. E.D.N.Y. 2006)).

> The party objecting to discharge under § 727(a)(4)(D) has the initial burden of proving that: 1) the withholding of documents was done by the debtor or someone for whose conduct the debtor is legally responsible; 2) was in connection with a case; 3) was withheld from an officer of the estate entitled to possession; 4) was done knowingly and fraudulently; and 5) relates to the debtor's property or financial affairs.

*In re Courtney*, 351 B.R. at 508 (quoting *Olson v. Slocombe (In re Slocombe)*, 344 B.R. 529, 534 (Bankr. W.D. Mich. 2006)).

Applying this standard to the facts of the instant case, all of the elements appear to be present except for number 4. There is no specific allegation, either in the Statement, or in the complaint initiating this proceeding, that the Debtor's withholding of documents from the Trustee was done "knowingly and fraudulently." Accordingly, § 727(a)(4)(A) does not provide an alternative basis for denial of the Debtor's discharge.

> C. *Section 727(a)(5) - Failure to explain loss of assets*

Under § 727(a)(5), the court may deny the Debtor's discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of

assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). To prevail under this section, the objecting party must demonstrate the following: "(1) debtor at one time, not too remote from the bankruptcy, owned identifiable assets; (2) on the date debtor commenced his or her bankruptcy debtor no longer owned the particular assets; and (3) the Bankruptcy pleadings do not reflect an adequate explanation for the disposition of the assets." *Schilling v. O'Bryan (In re O'Bryan)*, 246 B.R. 271, 279 (Bankr. W.D. Ky. 1999). Once the objecting party meets its initial burden of proof, the burden of going forward with the evidence then shifts to the debtor to provide a satisfactory explanation for the loss or deficiency. *Id.*

In the instant case, the only representation regarding loss of assets is a conclusory one in the Statement that the "Debtor has failed to satisfactorily explain to the Trustee any loss of assets or deficiency of assets to meet her liabilities." Nothing in the Statement or the Trustee's affidavit identifies any assets for which the Debtor has failed to account. *See* 6 *Collier on Bankruptcy* ¶ 727.08 (15th ed. rev. 2008) (citing *Ehle v. Brien (In re Brien)*, 208 B.R. 255 (B.A.P. 1st Cir. 1997) (the plaintiff must identify particular assets which have been lost)). Therefore, § 727(a)(5) does not present an alternative ground for denial of the Debtor's discharge.

D. *Section 727(a)(6)(A) and (C) - Refusal to obey court order or to answer material question*

Under 727(a)(6)(A), a debtor will be denied a discharge if he or she has refused to obey any lawful order of the court. 6 *Collier on Bankruptcy* ¶ 727.09[1]. "Section 727(a)(6)(C) denies a discharge to a debtor who refuses to respond to a material question approved by the court or refuses to testify on any ground other than the properly invoked privilege against self-incrimination." 6 *Collier on Bankruptcy* ¶ 727.09[3]. The Tenth Circuit Court of Appeals has observed that the word "refuse," as used in these provisions, "requires the Court to go further than to simply find that a debtor failed to comply with a discovery request. Rather, it must find that the disobedience was willful or intentional." *In re Martinez*, 126 Fed. Appx. 890, 896 (10th Cir. 2005) (citing *D'Agnese v. Cotsibas (In re Cotsibas)*, 262 B.R. 182, 186 (Bankr. D.N.H. 2001); *Law Offices of Dominic J. Salfi v. Prevatt (In re Prevatt)*, 261 B.R. 54, 60-61 (Bankr. M.D. Fla. 2000); *Solomon v. Barman (In re Barman)*, 237 B.R. 342, 349 (Bankr. E.D. Mich. 1999)).

The plaintiffs assert that the Debtor's discharge should be denied under § 727(a)(6)(A)and

(C) because "more than a year has elapsed since [the Debtor] filed her bankruptcy case, and the Debtor has failed to comply with the subpoena duces tecum to produce documents and has ignored the repeated requests of the Trustee and has yet to appear and testify at her continued 341 meeting." However, there is no assertion, either in the complaint or in the motion for summary judgment, that the Debtor's failures to comply with the subpoena and to appear at the continued § 341 meeting were willful or intentional. Accordingly, this court is unable to conclude as a matter of law that the Debtor "refused" to obey a court order or to testify. Moreover, it is noteworthy that no order to compel the Debtor's attendance at a continued § 341 meeting was sought. Based on the foregoing, § 727(a)(6) does not provide a basis for denying the Debtor's discharge.

## IV.

The court having concluded that the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(3), the plaintiffs' motion for summary judgment will be granted. The court will enter an order in accordance with this memorandum opinion so holding.

# # #